UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNETHA RUSH,

     Plaintiff,

v.

UNITED WHOLESALE MORTGAGE
LLC,

     Defendant.

Case No. 25-cv-11355

Honorable Robert J. White

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**(ECF No. 12)**

Plaintiff Cynetha Rush moved for reconsideration of the Court's order granting Defendant United Wholesale Mortgage LLC's (UWM) motion to dismiss and compel arbitration. (ECF No. 12).  Rush argued that the Court made a clear error of law in determining that the arbitration clause contained in the parties' contract was valid and enforceable.  (*Id.* at PageID.153–56).

Rush filed her motion under Federal Rule of Civil Procedure 59(e).[1]  Under Rule 59(e), a court can "alter or amend a judgment" if the moving party demonstrates

---

[1] The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1).  Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." *Id.*

that the court made "a clear error of law" in its original decision. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  But a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Rush offered three reasons why the Court erred in its previous order.  First, the arbitration clause in the parties' agreement is invalid based on Michigan Supreme Court precedent, namely, *Rayford v. American House Roseville I, LLC*, --- N.W.3d ---, No. 163989, 2025 WL 2177754 (Mich. July 31, 2025). (ECF No. 12, PageID.153–55).  Second, given that Rush contested her assent to the contract, the Court should have denied the motion or permitted discovery and an evidentiary hearing. (*Id.* at PageID.155–56).  Third, the Court improperly relied on previous Sixth Circuit decisions enforcing similar arbitration provisions. (*Id.* at PageID.156).

Rush's present arguments, for the most part, are materially indistinguishable from those she made in her response to the motion to dismiss.  As a result, the Court finds denial of her motion is warranted. *See Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 Fed. App'x 473, 476 (6th Cir. 2014) ("[R]econsideration motions cannot be used as an opportunity to re-argue a case.").  To the extent that Rush raised new legal arguments, those are also foreclosed because they "could have been raised before a judgment was issued." *Id.* (quoting *Roger Miller Music, Inc. v. Sony/ATV*

2

*Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)).  And even if Rush's motion did not suffer these deficiencies, the Court still finds that Rush's arguments lack merit.

To start, Rush again argued that in the wake of *Rayford*, courts cannot presume that arbitration agreements in employment contracts are enforceable. (ECF No. 9, PageID.119; ECF No. 12, PageID.154–55).  But as the Court explained in its original order, *Rayford* "has nothing to do with the facts at issue here." (ECF No. 11, PageID.145).  Contrary to Rush's argument, the court in *Rayford* made no sweeping rule statements presuming that adhesive, boilerplate employment agreements that impair statutory civil rights enforcement are unenforceable. (*Id.* at PageID.146; ECF No. 9, PageID.118–20; ECF No. 12, PageID.153).  Rather, the court in *Rayford* dealt with whether employment agreements could shorten the statutory limitations period. 2025 WL 4732464, at *1.

Rush also asserted, in both her response and the present motion, that the parties needed to develop the facts further before the Court could determine whether Rush assented to the arbitration provision. (ECF No. 9, PageID.123; ECF No. 12, PageID.155–56).  Rush claimed that because she contested her assent, the court should not have compelled arbitration absent discovery and an evidentiary hearing. (ECF No. 12, PageID.155).  The Court does not believe it erred in granting UWM's motion without a hearing, however; the sole piece of evidence Rush offered in support of her claim was her statement that she would not have signed the contract

if she knew of the arbitration provision. (ECF No. 9-1, PageID.129).  That statement, without more, cannot establish a genuine dispute of fact about Rush's assent to the agreement, (ECF No. 11, PageID.144). *See Memmer v. United Wholesale Mtg., LLC*, 135 F.4th 398, 405 (6th Cir. 2025) (finding similar statements did not "amount to a denial that she saw and signed the agreement").  So that argument once more fails.

Likewise, Rush claimed that, given the holding in *Rayford*, the Court mistakenly relied on Sixth Circuit precedent enforcing similar arbitration provisions. (ECF No. 12, PageID.156).  Rush did not raise any substantive arguments as to the cases in her response to the motion to dismiss, (ECF No. 9, PageID.125), even though UWM addressed them at length in its motion, (ECF No. 8, PageID.34, 41–42).  So Rush could have previously argued that "[t]he Court's reliance on prior enforcement improperly displaced the individualized scrutiny that *Rayford* now mandates." (ECF No. 12, PageID.156).  Since she did not, the Court will decline to set aside its judgment.

Plus, the relevant Sixth Circuit cases continue to support the Court's original findings.  All three cases involved the exact same arbitration provisions and defendant as here; in each of those cases, the Sixth Circuit held the arbitration provisions were valid and enforceable. *See Memmer*, 135 F.4th at 406–07; *Gavette v. United Wholesale Mtg., LLC*, No. 24-1557, 2025 WL 318224, *2–3 (6th Cir. Jan. 28, 2025); *Tucker v. United Wholesale Mtg., Inc.*, No. 24-1595, 2025 WL 1082316,

at *3 (6th Cir. Apr. 10, 2025).  The fact that the Sixth Circuit decided the cases prior to *Rayford* does not change the Court's analysis. *Rayford* bears no factual or legal relation to the issue here, whereas the Sixth Circuit rulings are directly relevant.

Thus, for all of the reasons stated above, the Court will deny the motion for reconsideration. (ECF No. 12).

* * *

The Court **ORDERS** that Rush's motion for reconsideration (ECF No. 12) is **DENIED**.

Dated: April 9, 2026

s/Robert J. White  
Robert J. White  
United States District Judge

5